IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01691-EWN-OES

SHAUN A. BROWN,

Plaintiff,

v.

THE COLORADO DEPARTMENT OF CORRECTIONS,
JOE ORTIZ (EXECUTIVE DIRECTOR),
ANTHONY A. DeCESARO (GRIEVANCE OFFICER),

Defendants.

## ORDER

**Entered by O. Edward Schlatter, United States Magistrate Judge.**

Before me are two motions filed by the plaintiff. The first requests that I order the Colorado Department of Corrections - Limon Correctional Facility's Legal Access Program and case managers to allow him free legal copies and legal postage for this case, based upon his *in forma pauperis* status in this court. The plaintiff has cited no authority, and I am aware of none, under which this court can direct a state correctional facility to expend state funds to finance the plaintiff's costs of litigating this civil lawsuit which seeks, in part, monetary damages as relief.

If plaintiff is successful in this case, he will be allowed to recover the costs of this action under Fed.R.Civ.P. 54. Advancement of litigation costs is not provided by statute or by rule, and imposing a financial burden on one of the defendants, i.e. the Colorado Department of Corrections, because the plaintiff is indigent or lacks funds with which to pay his costs is fundamentally unfair. State funds would have to be paid to cover the costs

prior to any adjudication on the merits, and the plaintiff who represents that he cannot afford to pay the costs in the first place most likely would not be able to pay the costs if taxed against him, should he lose this case, as a court cost in the end. Therefore, the CDOC would be penalized solely as a result of having been sued by an indigent party, whether or not the plaintiff successfully prosecuted or defended his position in the case. Imposing such a penalty, without any determination of fault and based solely on the parties' relative financial status, would offend the principles of due process.

Further, plaintiff's *in forma pauperis* status does not provide a basis for such an order. The statute governing *in forma pauperis* proceedings indicates that:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefore. . . .

28 U.S.C. § 1915(a).

"Fees" or "costs," for indigent litigants under 28 U.S.C. § 1915 refer generally to court costs, or the fees imposed by officers of the court such as the clerk or marshal, to taxable costs to be recovered by the adverse party, or to mileage and attendance fees for prospective witnesses. Robert F. Koets, *What Constitutes "Fees" or "Costs" Within Meaning of Federal Statutory Provision (28 U.S.C.A. § 1915 and Similar Predecessor Statutes) Permitting Party to Proceed In Forma Pauperis Without Prepayment of Fees and Costs or Security Therefor*, 142 A.L.R. Fed. 627 (1997). Payment of an *in forma pauperis* litigant's copying or postage costs is not envisioned under statutory authority, and this court has no such funds available. In United States v. MacCollom, 426 U.S. 317, 321 (1976), the Supreme Court held that "expenditure of public funds [on behalf of an indigent

2

litigant] is proper only when authorized by Congress." There is no congressional authorization for the courts to pay or advance copying or postage costs in civil cases like this one. Accordingly, plaintiff's motion will be denied.

Additionally, in his second motion, plaintiff has requested that the extra copy of his Complaint which he claims was provided to the court upon filing, be file stamped and returned to him for his records. Plaintiff is specifically advised that as of June, 2005, the United States District Court for the District of Colorado operates under an electronic filing system. This means that the former practice of receiving, file stamping, and returning courtesy copies of pleadings filed with the court no longer occurs, because all materials are now electronically filed. Hard copies of documents on file with the court must be requested through the office of the Clerk, and payment arrangements made for those copies at the time the request is made. In this instance, because the plaintiff was most likely not aware of the change in procedure and because court records evidence that he did forward a courtesy copy, his request will be granted. Any future requests, however, must be made to the Clerk and payment arrangements for copying costs made at that time.

Accordingly, it is hereby **ORDERED** as follows:

1.  Plaintiff's Motion To Extend Scope Of In Forma Pauperis To Include Legal Copies And Postage [Filed October 11, 2005; Document #15] is **DENIED**.

2.  Plaintiff's Motion To Obtain Courtesy Copy Of The Plaintiff's Complaint [Filed October 24, 2005; Docket #19] is **GRANTED**. **The office of the Clerk is directed to mail to the plaintiff a file stamped copy of his Complaint [Docket #3].**

Dated at Denver, Colorado, this 28th day of October, 2005.

BY THE COURT:

s/ O. Edward Schlatter

O. Edward Schlatter
United States Magistrate Judge